IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN RODDEN,

    Petitioner,                     2: 10 - cv - 628 - MCE TJB

    vs.

WARDEN, AVENAL STATE PRISON

    Respondent.                 ORDER, FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a sentence of six years imprisonment after pleading no contest to one charge of continuous sexual abuse of a child under the age of fourteen. Petitioner raises several claims in his federal habeas petition; specifically: (1) his plea was invalid as it was not knowing and voluntarily due to his unawareness of a five-year parole term as opposed to a three-year term after his prison sentence of six years ("Claim I"); (2) his plea agreement was violated due to a five-year term as opposed to a three-year parole term ("Claim II"); (3) Petitioner was denied the right to counsel at an interview with a probation officer ("Claim III"); and (4) ineffective assistance of counsel by

1

failing to provide Petitioner with the relevant information regarding the length of his parole term ("Claim IV"). For the following reasons, the habeas petition should be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In July 2006, a felony complaint was filed against Petitioner which raised one count and alleged the following:

> On or about and between September 25, 2003 and September 30, 2005, defendant(s) STEPHEN RODDEN did commit a felony namely: CONTINUOUS SEXUAL ABUSE, a violation of Section 288.5(a) of the Penal Code of the State of California, County of Solano, in that said defendant did unlawfully engage in three and more acts of "substantial sexual conduct", as defined in Penal Code section 1203.066(b), and three and more acts in violation of Section 288 with B.H., a child under the age of 14 years, while the defendant(s) resided with, and had recurring access to, the child.

(Resp't's Answer Ex. 1.)  An information charging Petitioner with the same crime was filed on April 11, 2007.  (See id. Ex. 6.)

On May 2, 2007, Petitioner entered into a negotiated plea of no contest whereby he would serve six years in prison.  (See id. Ex. 2.)  Within the plea form, Petitioner agreed that he understood that, "If I am sentenced to state prison, I would be subject to parole supervision for a period of three years*, and if I violated that parole, I could be returned to state prison for up to four years."  (Id.)  The asterisk noted that the period of the three years was subject to California Penal Code § 3000(b) (Life Sentence Exception).  During the colloquy with the judge at the change of plea hearing, Petitioner stated that the initials on the plea form were his and that he understood all of the rights and information on the form.  (See id. Ex. 3 at p. 3.)

Petitioner was sentenced on June 12, 2007.  At the sentencing hearing, Petitioner stated on the record that the reason he was pleading no contest was because he "did not want to risk the consequences of a jury trial based on the negative public opinion and the social stigma attached to cases such as this."  (Id. Ex. 4 at p. 3-4.)  The sentencing judge then stated the following:

> The Court imposes the low term of six years, which is, again, the agreement of Court, counsel, and the defendant, and the prosecution.  [¶]  All right.  The Court imposes $1200 pursuant to

2

> 1202.4, $1200 pursuant to 1202.45, which will be suspended unless parole is revoked. [¶] The Court grants him credits of 136 actual custody days, 20 days pursuant to 29 – 2933.1, for a total of 156 days credit for time served.
>
> Mr. Rodden, after you serve your state prison sentence, they'll place you on a period of parole for up to three years. Violations of parole can return you to prison for one year; for multiple violations, for up to four years.

(Id. at p. 4-5.)

On October 31, 2007, Petitioner filed an inmate request for an interview to the "Case Records Specialist" in which he argued that his parole period was incorrectly listed as five years instead of three years. (Pet'r's Pet. at p. 28.) The response to this request stated the Petitioner's sentence met California Penal Code § 3000(b)(1), and Petitioner had a five-year parole period. (See id.)

In February 2008, Petitioner filed a state habeas petition in the Superior Court of California, County of Solano. On April 18, 2008 that Court issued the following opinion:

> Petitioner complains that he received ineffective assistance of counsel from his trial attorney in Solano County Case FCR234262, when counsel failed to advise him of his right to appeal and failed to advise him that he would be subject to five years of parole supervision.
>
> Petitioner cannot raise these issues on writ of habeas corpus because he should have raised them on appeal in the first instance. (In re Harris (1993) 5 Cal 4th 813, 826-827.) Petitioner does not justify his failure to file an appeal by stating that he did not know about his right to appeal. He was informed of and acknowledged his right to appeal at the time he entered his plea. Furthermore, Petitioner has failed to state a claim on which relief can be granted. (People v. Duvall (1995) 9 Cal 4th 464, 474.) Petitioner has not shown by independent corroborating evidence that Petitioner would not have pled guilty had he known about the five year parole period or his right to appeal. (In re Resendiz (2001) 25 Cal 4th 230, 253.)

(Resp't's Answer Ex. 5.) Petitioner then filed a state habeas petition to the California Court of Appeal which summarily denied the petition on June 16, 2008. (See id.)

In June 2009, Petitioner filed a state habeas petition to the California Supreme Court.

3

1  Petitioner argued that the trial court failed to advise the Petitioner of the five year parole term at
2  the time he accepted the plea and that had he known this information he would not have accepted
3  the plea.  (See Pet'r's Pet. at p. 18.)  Additionally, Petitioner asserted that counsel was ineffective
4  in failing to advise Petitioner of his right to appeal and also the terms of the plea agreement.
5  (See id. at p. 19.))  The California Supreme Court summarily denied the state habeas petition on
6  December 23, 2009.  (See Pet'r's Pet. at p. 7.)
7       On March 10, 2010, Petitioner filed the instant federal habeas petition.  On August 10,
8  2010, Respondent filed an answer to the federal habeas petition.  On September 15, 2010,
9  Petitioner filed a traverse.
10              III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS
11      An application for writ of habeas corpus by a person in custody under judgment of a state
12  court can only be granted for violations of the Constitution or laws of the United States.  See 28
13  U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v.
14  Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).
15  Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism
16  and Effective Death Penalty Act of 1996 ("AEDPA") applies.  See Lindh v. Murphy, 521 U.S.
17  320, 326 (1997).  Under AEDPA, federal habeas corpus relief is not available for any claim
18  decided on the merits in the state court proceedings unless the state court's adjudication of the
19  claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of,
20  clearly established federal law, as determined by the Supreme Court of the United States; or (2)
21  resulted in a decision that was based on an unreasonable determination of the facts in light of the
22  evidence presented in state court.  See 28 U.S.C. 2254(d).  Where a state court provides no
23  reasoning to support its conclusion, a federal habeas court independently reviews the record to
24  determine whether the state court was objectively unreasonable in its application of clearly
25  established federal law.  See Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009); see also
26  Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000), overruled on other grounds, Lockyer v.

4

1  Andrande, 538 U.S. 63 (2003).

2 As a threshold matter, this Court must "first decide what constitutes 'clearly established
3 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71
4 (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the
5 governing legal principle or principles set forth by the Supreme Court at the time the state court
6 renders its decision.'" Id. (citations omitted).  Under the unreasonable application clause, a
7 federal habeas court making the unreasonable application inquiry should ask whether the state
8 court's application of clearly established federal law was "objectively unreasonable." See
9 Williams v. Taylor, 529 U.S. 362, 409 (2000).  Thus, "a federal court may not issue the writ
10 simply because the court concludes in its independent judgment that the relevant state court
11 decision applied clearly established federal law erroneously or incorrectly.  Rather, that
12 application must also be unreasonable." Id. at 411.  Although only Supreme Court law is binding
13 on the states, Ninth Circuit precedent remains relevant persuasive authority in determining
14 whether a state court decision is an objectively unreasonable application of clearly established
15 federal law.  See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only the
16 Supreme Court's precedents are binding . . . and only those precedents need be reasonably
17 applied, we may look for guidance to circuit precedents.").

18                     IV.  ANALYSIS OF PETITIONER'S CLAIMS
19       A.  Claim I
20       In Claim I, Petitioner argues that his plea is invalid as it was not knowing and voluntary.
21 Petitioner argues that his plea should be invalidated because he was unaware of the possibility of
22 a five-year rather than a three-year parole term upon completion of his prison sentence.
23       Under California law, a plea of no contest is equivalent to a guilty plea.  See Cal. Penal
24 Code § 1016.  A guilty plea must be knowing, intelligent and voluntary.  See Brady v. United
25 States, 397 U.S. 742, 748 (1970).  "The voluntariness of [a petitioner's] plea can be determined
26 only by considering all of the relevant circumstances surrounding it." Id. at 749.  In Blackledge

5

v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of a plea proceeding when the plea is subsequently subject to a collateral challenge.  While noting that a petitioner's representations at the time of his guilty pleas are not "invariably insurmountable" when challenging the voluntariness of the plea, the Supreme Court recognized that the petitioner's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations made in open court carry a strong presumption of verity." Id. at 74. "A plea is voluntary [and intelligent] only if it is entered by one fully aware of the direct consequences of his plea." United States v. Amador-Leal, 276 F.3d 511, 514 (9th Cir. 2002) (internal quotation marks and citation omitted).   "A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006) (citation omitted).

    In California, a guilty plea is not voluntary and intelligent if the defendant is not aware of a mandatory parole term that is to be served in addition to the term of confinement because it is a direct consequence of the plea. See Carter v. McCarthy, 806 F.2d 1373, 1376 (9th Cir. 1986) (citing Brady, 397 U.S. at 755).  If it is established that a defendant did not know of the parole consequences of his guilty plea, then petitioner's plea was obtained in violation of his constitutional right to due process. See id.

    This is not a case where Petitioner was uninformed that he would be subject to a parole term after his prison sentence.  The plea form signed by Petitioner stated that, "If I am sentenced to state prison , I would be subject to parole supervision for a period of three years" with an asterisk citing California Penal Code § 3000(b)'s life sentence exception.  (See Resp't's Answer Ex. 2.)  Petitioner admitted in open court at his plea hearing that he understood all of the rights and information on the form. (See Resp't's Answer Ex. 3 at p. 3.)  At the time of Petitioner's plea and sentence, California Penal Code § 3000(b)(1) stated that:

> At the expiration of a term of imprisonment of one year and one

> day, or a term of imprisonment imposed pursuant to Section 1170 or at the expiration of a term reduced pursuant to Section 2931 or 2933, if applicable, the inmate shall be released on parole for a period not exceeding three years, except that any inmate sentence for an offense specified in paragraph (3), (4), (5), (6), (11), (16) or (18) of subdivision (c) of Section 667.5 shall be released on parole for a period not exceeding five years, unless in either case the parole authority for good cause waives parole and discharges the inmate from custody of the department.

California Penal Code § 667.5(16) lists as an offense continuous sexual abuse of a child in violation of California Penal Code § 288.5 (to which Petitioner pleaded no contest).  Under California law, "the length of parole is *not* a permissible subject of plea negotiations" when it is a statutorily mandated element of punishment because "[n]either the prosecution nor the sentencing court has the authority to alter the applicable term of parole established by the Legislature."  In re Moser, 6 Cal. 4th 342, 357, 24 Cal. Rptr. 2d 723, 862 P.2d 723 (1993).

At sentencing, the judge misinformed Petitioner about the length of his possible parole term after his prison sentence.  When a defendant is misinformed about the correct parole consequences of his guilty plea, the error is subject to harmless error analysis.  See Carter, 806 F.2d at 1377.

Petitioner states that on May 2, 2007, he accepted a plea of six years with a three-year parole period.  He asserts that when the plea was accepted on May 2, 2007, these terms were noted by the judge in open court proceedings.  (See Pet'r's Pet. at p. 22.)  However, this is not a case where the trial court erred in instructing Petitioner as to the length of his parole term at the time he entered his no contest plea.[1]  Instead during the change of plea colloquy, the judge stated to Petitioner that if accepted this plea, he would be sent to prison for six years.  (See Resp't's Answer Ex. 3 at p. 3.)  Furthermore, the plea form that Petitioner signed outlined that Petitioner would have to serve a parole term.  Petitioner stated that he understood his rights in both written and orally at the change of plea hearing on May 2, 2007.  He stated in open court that he

---

[1] Petitioner argues that his counsel misinformed him about the length of his possible parole term.  This issue is addressed in infra Part IV.D.

7

understood the rights he was giving up as well as all of the information on the change of plea form. This included the exception for the parole term being possibly longer than the three years listed on the form in light of California Penal Code § 3000. The length of the parole term was not discussed at the change of plea hearing nor could it have been negotiated under California law. The length of parole is not even listed on the abstract of judgment. (See Pet'r's Pet. at p. 14.) In light of these facts, Petitioner fails to overcome the formidable barrier that his plea of no contest was not voluntary and intelligent.

The trial judge's misstatement at sentencing would also be deemed harmless. See, e.g., Watts v. Martel, Civ. No. 07-6075, 2010 WL 2951207, at *9 (C.D. Cal. May 28, 2010) (finding any purported error where Petitioner's parole term had been improperly extended from three to five years was harmless as going to trial risked significantly more severe consequences than Petitioner received under the plea agreement and petitioner would have been subject to the same potential parole term of up to five years that he now challenges); report and recommendation adopted by, 2010 WL 2951201 (C.D. Cal. Jul 21, 2010). In this case, Petitioner stated on the record that he did not want to risk going to trial due to the negative public opinion and social stigma that the continuous sexual abuse charge carried with it in the community. There was no mention that Petitioner placed any weight during the change of plea hearing or at sentencing on the length of the parole term in pleading no contest. He also risked a sentence of up to sixteen years for his crime if he went to trial and faced the same possible five-year parole term. Under these circumstances, any purported error by the sentencing judge in telling Petitioner that he faced up to a three-year parole term was harmless. This Claim should be denied.

B. Claim II

In Claim II, Petitioner argues that his plea agreement was breached when his parole term was changed from three to five years. Petitioner was formally sentenced on June 12, 2007. As shown above, the sentencing judge misspoke when he said Petitioner would only be subject to up to three years of parole. Instead, Petitioner is subject to a parole term of up to five years in light

of his plea of no contest to continuous sexual abuse of a person under the age of fourteen.

Petitioner fails to show that a three-year parole term length was ever a part of his plea. As noted above, the term for parole is not subject to plea negotiations nor can the sentencing court alter the applicable term of parole set by the legislature. Petitioner stated on the change of plea form that he understood his parole rights, which based on the applicable law, could be up to five years. The fact that the judge misspoke when he stated that Petitioner could serve a parole term of up to three years instead of five years at sentencing was not part of the plea agreement. Therefore, there was no violation of the plea agreement. Instead, this is a case that involves judicial misadvisement as to the length of parole (in addition to Petitioner's ineffective assistance of counsel claim which will be discussed in infra Part IV.D). As stated in supra Part IV.A, the judge's error was harmless. In this case, there is no evidence that at the time Petitioner entered his plea that the length of his parole term was a prominent factor in his decision to plead no contest. Cf. Hill v. Lockhart, 474 U.S. 52, 60 (1985) (petitioner failed to allege special circumstances that supported conclusion that petitioner placed special emphasis on parole eligibility in deciding whether to plead guilty). In fact, Petitioner stated on the record to the sentencing judge that he did not want to face a jury trial due to the social stigma and negative consequences associated with a continuous sexual abuse of a child under the age of fourteen charge. Furthermore, had Petitioner elected to go to trial, he faced up to sixteen years imprisonment (as opposed to the six years his received as a result of his plea) as well as up to the same five years of parole. Petitioner failed to show that he was prejudiced by any judicial misadvisement at sentencing about the length of his parole term. Cf. Cao v. Taylor, Civ. No. 02-2076, 2010 WL 5598518, at *18 (C.D. Cal. Nov. 2, 2010) (finding no prejudice where there was no evidence that minimum parole eligibility date was a prominent factor in petitioner's plea and noting that had petitioner elected to go to trial, he faced a sentence of fifty-years to life such that there was no reasonable likelihood that petitioner would have found a five-year difference in minimum parole eligibility an acceptable basis to assume level of risk of going to trial); report

9

and recommendation adopted by, 2011 WL 166244 (C.D. Cal. Jan. 14, 2011). For the foregoing reasons, Petitioner is not entitled to federal habeas relief on Claim II.

C. Claim III

In Claim III, Petitioner argues that he was denied the right to counsel during an interview with a probation officer.[2] The Sixth Amendment right to counsel guarantees a defendant assistance of counsel when confronted by "prosecutorial forces." Thus, a defendant is only guaranteed counsel during adversarial and critical stages of the proceedings. See United States v. Benlian, 63 F.3d 824, 827 (9th Cir. 1995). A probation officer acts as an arm of the court. See, e.g., United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir. 1990). Under these particular circumstances as a non-capital case, Petitioner did not have a Sixth Amendment right to counsel during the interview by a probation officer. See Baumann v. United States, 692 F.2d 565, 577-78 (9th Cir. 1982). Claim III should be denied.

D. Claim IV

In Claim IV, Petitioner argues that his counsel was ineffective for failing to provide him with all of the relevant information regarding an accurate parole length as well as his right to appeal. In his petition he states that he would not have accepted his plea had he known that the charge against him carried a possible parole term of up to five years instead of three years. (See Pet'r's Pet. at p. 8.)

The Sixth Amendment guarantees effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating ineffective assistance of counsel. First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. Petitioner must identify the acts or omissions that are alleged not to have been the result

---

[2] It appears as if this Claim is unexhausted as Petitioner did not raise this Claim to the California Supreme Court. However, an unexhausted claim can still be denied on the merits where the claim is deemed to be not "colorable." See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

of reasonable professional judgment. See id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance. See id.

Second, a petitioner must affirmatively prove prejudice. See id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." Id. In the context of challenges to guilty pleas based on ineffective assistance of counsel, the United States Supreme Court has stated with respect to the prejudice prong that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (citing Strickland, 466 U.S. at 697).

Assuming Petitioner's allegations regarding the shortcomings of counsel's advice regarding the length of parole Petitioner faced or his right to appeal, there is no reasonable likelihood that Petitioner would have rejected a significantly reduced prison term in the plea agreement and insisted on going to trial. First, the change of plea document that Petitioner initialed and admitted in court that he understood specifically stated that he had the right to appeal. Furthermore, Petitioner does not allege that had he known of his right to appeal, that he would have not pled guilty and opted to go to trial. Therefore, this ineffective assistance of counsel argument is without merit.

Petitioner also failed to show to a reasonable probability that he would not have pleaded no contest had he known about the possibility of a five-year as opposed to a three-year parole term. Most importantly, Petitioner stated on the record at sentencing his reasoning for accepting

11

the no contest plea that had nothing to do with the length of his parole term.  He stated that he did not want to risk a jury trial based on the negative public opinion and social stigma attached to the charge against him.

Additionally, Petitioner faced a possible sixteen year sentence if he went to trial.  The plea agreement reduced his potential sentence by more than half.  Knowing about the longer possibility of a five-year as opposed to a three-year parole term was unlikely to make a difference in Petitioner's plea decision.  When he accepted the plea agreement, Petitioner knew that he would face a parole term following his release from prison.  Two additional years of parole are minor considerations compared to the central consideration of reduced prison time.  There is no indication of any circumstances in this case that rendered the length of the parole term especially important to Petitioner.  He indicated on the record at sentencing that the reason he was pleading guilty was that he did not want to risk a jury trial in light of the negative public opinion a continuous sexual abuse of a child under the age of fourteen has in the community, Petitioner's declarations after the fact notwithstanding.  See Hill, 474 U.S. at 60 (explaining that petitioner failed to "allege any special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty").

A similar case arose in Ryan v. Clark, Civ. No. 06-5618, 2009 WL 773349 (N.D. Cal. Mar. 23, 2009).  In that case, the petitioner claimed that his counsel was ineffective in failing to advise him that his parole term was five years instead of three.  See id. at *5.  In analyzing the prejudice prong, that court stated that:

> Even assuming that petitioner's allegations regarding the shortcomings in counsel's advice are true, there is no reasonable likelihood that but for these shortcomings petitioner would have rejected the significantly reduced prison term in the plea agreement and insisted on going to trial.  As noted, the plea agreement reduced his potential sentence by more than half, from thirteen years and four months to six years, and he avoided the risk of any additional charges being added following the preliminary hearing.  Moreover, knowing about the longer parole term, the lifetime registration requirement, and having to show cause in order to withdraw his plea, was unlikely to make a difference in petitioner's

12

> plea decision. When he accepted the plea agreement, petitioner already knew that he would face a parole term and a registration requirement following his release from prison. Two additional years of parole . . . are relatively minor considerations compared to the ordinarily central consideration of reduced prison time. There is no indication of any circumstances in this case that rendered the length of the parole term . . . especially important to petitioner.

Id. at *5. Similar circumstances are present in this case such that Petitioner failed to show that he was prejudiced under Strickland/Hill standard. For the foregoing reasons, this Claim should be denied.

## V.  REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel. There currently exists no absolute right to the appointment of counsel in habeas proceedings. See, e.g., Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." In the present case, the interests of justice do not so require to warrant the appointment of counsel. Accordingly, Petitioner's request for the appointment of counsel is denied.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for the appointment of counsel is DENIED.

For all of the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 1, 2011

                                        TIMOTHY J BOMMER
                                        UNITED STATES MAGISTRATE JUDGE